UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERRIE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV1312 RLW |
| | ) |
| NATIONSTAR MORTGAGE, LLC., et al., | ) |
| | ) |
| Defendants.[1] | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Nationstar Mortgage, LLC ("Nationstar"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (ECF No. 44) and the Motion to Dismiss Count I and to Join in Co-Defendants' Motion to Dismiss Counts II-IV filed by Defendant HSBC Bank USA, N.A., d/b/a HSBC Mortgage Corporation a/d/b/a/ HSBC Mortgage Services, Inc. ("HSBC") (ECF No. 59). Both motions are fully briefed.[2] After careful consideration, the Court grants Nationstar's motion and grants HSBC's motion, in part, and denies it, in part, without prejudice.

---

[1] The First Amended Complaint, which is now the operative complaint, lists Nationstar Mortgage, LLC, as the first named defendant. Accordingly, the Clerk of Court shall amend the style of this case name.

[2] HSBC did not file a reply memorandum in support of its motion and the time to do so has since passed.

## BACKGROUND[3]

In 2008, Plaintiff Therrie Harris obtained a home mortgage loan for the purchase of residential real estate located in the City of St. Louis. (First Am. Compl. ¶ 10, ECF No. 43) He executed a promissory note ("Note") in favor of HSBC in the principal amount of approximately $140,000.00 and an accompanying Deed of Trust in favor of HSBC. (*Id.*) In or around February 2014, Plaintiff alleges he approached HSBC regarding a possible loan modification under the Home Affordable Modification Program ("HAMP"). (*Id.* at ¶ 11) According to Plaintiff, he provided all requested documents over the course of approximately two years while HSBC repeatedly represented to him that a loan modification would be prepared and submitted. (*Id.*) Despite these alleged representations, HSBC never provided or produced a loan modification and, at one point, stopped returning Plaintiff's phone calls. (*Id.* at ¶¶ 12-13)

In 2016, HSBC purported to assign the Note to Nationstar. (*Id.* at ¶ 14) After the Note was assigned to Nationstar, Plaintiff alleges Nationstar failed to provide him with a loan number or a location where he should direct his payments. (*Id.* at ¶ 15) Despite phone calls with Nationstar, Plaintiff maintains he was never given a loan number or informed of "fundamental aspects of his loan." (*Id.*)

In March 2017, Plaintiff originally filed this action *pro se* in state court against numerous defendants, including HSBC, Nationstar, Fannie Mae, and MERS. (ECF No. 7) Nationstar, Fannie Mae, and MERS removed the case to federal court on the basis of federal question and diversity jurisdiction. (ECF No. 1) Counsel entered an appearance on behalf of Plaintiff on June 5, 2017. (ECF No. 15) On August 17, 2017, the parties filed a Joint Motion to Stay Litigation,

---

[3] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

indicating that they were pursuing resolution of this matter and wished to avoid incurring unnecessary expenses. (ECF No. 21) On that same date, the Court granted the motion to stay and administratively closed the case pending further notice from the parties. (ECF No. 23) After several extensions of time to continue settlement negotiations, the parties filed a joint status report on August 2, 2018, stating that they were unable to reach a settlement and requested that the stay be lifted and the case be reopened. (ECF No. 37) The Court reopened the case and ordered Plaintiff to file his amended complaint by an agreed-upon deadline. (ECF No. 38)

On August 31, 2018, Plaintiff filed his First Amended Compliant asserting five counts: violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*, against HSBC (Count I); violations of the MMPA against Nationstar (Count II); violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, against Nationstar (Count III); breach of contract as a third-party beneficiary pursuant to the Home Affordable Modification Program ("HAMP") against HSBC and Nationstar (Count IV); and seeking declaratory judgment that Plaintiff is entitled to a loan modification and other relief. (ECF No. 43) Nationstar and HSBC then filed their respective motions to dismiss. (ECF Nos. 44 & 59)

## **LEGAL STANDARD**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as

true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## DISCUSSION

As an initial matter, Nationstar, Fannie Mae, and MERS argue Plaintiff's First Amended Complaint fails to state a claim against Fannie Mae or MERS. None of the five counts are directly asserted against Fannie Mae or MERS. In fact, the only time Plaintiff mentions Fannie Mae or MERS is in the introductory section of the First Amended Complaint listing the "Parties" (First Am. Compl. ¶¶ 3 & 5, ECF No. 43) and when explaining Nationstar and MERS removed the case to federal court (*Id.* at ¶ 8) Plaintiff did not address this argument in his response memorandum. Consequently, the Court grants the motion to dismiss with respect to any claims against Fannie Mae or MERS and dismisses them from this action.

### I. MMPA claims

The MMPA is a broad statute that prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the

- 4 -

concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1; *see Blake v. Career Educ. Corp.*, No. 4:08CV00821 ERW, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009). The MMPA, however, does not apply to the following:

> *Any institution, company, or entity that is subject to chartering, licensing, or regulation by* the director of the department of insurance, financial institutions and professional registration under chapter 354 or chapters 374 to 385, the director of the division of credit unions under chapter 370, or *director of the division of finance under chapters 361 to 369*, or chapter 371, unless such directors specifically authorize the attorney general to implement the powers of this chapter or such powers are provided to either the attorney general or a private citizen by statute.

Mo. Rev. Stat. § 407.020.2(2) (emphasis added).

HSBC and Nationstar argue Plaintiff's separate claims against them asserting violations of the MMPA (Counts I and II respectively) should be dismissed because the statute explicitly exempts them as entities that are licensed, chartered, and regulated by the Missouri division of finance. Specifically, Nationstar contends it is a "Lender" pursuant to section 367.100 of Missouri's Revised Statutes and is required to obtain a certificate of registration from the director of the division of finance pursuant to section 367.110. In support, Nationstar has attached a screenshot of its license information found on the website for the Missouri division of finance (ECF No. 45-1), of which the Court takes judicial notice. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). Accordingly, Nationstar argues the exemption in section 407.020.2(2) applies and prevents Plaintiff from pursing his MMPA claims.

Plaintiff argues the statute Nationstar cites is inapposite to its functions. "Lender" is defined as "any person engaged in the business of making consumer credit loans." Mo. Rev. Stat. § 367.100(3). According to Plaintiff, the same section defines "consumer credit loans" as

unsecured loans or loans that are "[s]ecured by a security agreement or any other lien on *tangible personal property* or by the assignment of wages, salary or other compensation." *Id.* § 367.100(1)(a) (emphasis added). Because Nationstar is a lender with respect to *real* property, Plaintiff concludes it is not a lender under section 367.100 and, therefore, not exempt from claims under the MMPA.[4]

Nationstar replies that Plaintiff only cites half the definition of "consumer credit loans" under the section. The full definition of "consumer credit loan" is as follows:

> (a) Prior to January 1, 2002, loans for the benefit of or use by an individual or individuals:
>
> > a. Secured by a security agreement or any other lien on tangible personal property or by the assignment of wages, salary or other compensation; or
> >
> > b. Unsecured and whether with or without comakers, guarantors, endorsers or sureties;
>
> (b) *Beginning January 1, 2002, and thereafter, loans for personal, family or household purposes in amounts of five hundred dollars or more*[.]

*Id.* § 367.100(1) (emphasis added). Plaintiff obtained his loan for household purposes in 2008. (First Am. Compl. ¶ 10, ECF No. 43) Accordingly, Nationstar argues it is properly considered a "lender" under section 367.100, subject to registration with the division of finance pursuant to section 367.110, and, therefore, exempt from MMPA claims pursuant to section 407.020.2(2). The Court agrees.

While not argued by Plaintiff, the Court nevertheless addresses an additional factor impacting exemption under section 407.020.2(2). As explained above, that section exempts certain regulated institutions from MMPA claims "*unless* such directors specifically authorize

---

[4] Plaintiff also argues Nationstar is not a "lender" under 367.100 because that chapter of the Missouri Revised Statutes is "Pawnbrokers and Small Loans" and the loan at issue was neither a "small" loan nor issued by a "pawnbroker." For the reasons stated herein, this title is immaterial as the Court finds Nationstar fits the definition of "lender" in light of the definition of "consumer credit loans" in section 367.100.

the attorney general to implement the powers of this chapter or *such powers are provided to either the attorney general or a private citizen by statute*." Mo. Rev. Stat. § 407.020.2(2) (emphasis added). Other plaintiffs have argued section 407.025.1, which allows private citizens to bring civil actions to recover damages for MMPA violations, provides the power to bring claims against otherwise-exempted entities. Several courts presented with this issue, however, have found that section 407.025.1 does not act as an exception to section 407.020.2(2). *See, e.g., Rashaw v. United Consumers Credit Union*, 685 F.3d 739, 745 (8th Cir. 2012); *Memhardt v. Nationstar Mortg., LLC*, No. 4:17-CV-01411-AGF, 2018 WL 5923445, at *7 (E.D. Mo. Nov. 13, 2018); *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 892-93 (E.D. Mo. 2013); *Meyers v. Kendrick*, 529 S.W.3d 54, 62 (Mo. App. 2017).[5] The Court finds the reasoning of these cases to be persuasive and agrees that "[t]he contention that one provision of the MMPA completely negates another violates well-accepted principles of statutory construction." *Rashaw*, 685 F.3d at 745; *see also Vogt v. State Farm Life Ins. Co.*, No. 2:16-CV-04170-NKL, 2017 WL 471574, at *10 (Feb. 3, 2017), *vacated in part on other grounds*, No. 2:16-CV-04170-NKL, 2017 WL 1498073 (W.D. Mo. Apr. 26, 2017). Accordingly, Plaintiff's MMPA claim against Nationstar in Count II is dismissed. Because the Court finds Nationstar is exempt from MMPA claims, it does not address Nationstar's other arguments concerning the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure Rule 9(b) or whether loan modifications are subject to the MMPA.[6]

---

[5] Plaintiff argues the cases Nationstar cites from the Missouri Court of Appeals are not binding on the Court. The Court nevertheless finds those cases to be persuasive. Furthermore, the sole opinion Plaintiff cites from the Supreme Court of Missouri did not consider the issue of exemption under section 407.020.2(2). *See Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 412 (Mo. 2014) (en banc).
[6] The Court notes HSBC did not make any of these arguments in its separate motion to dismiss concerning the MMPA claim against it in Count I.

While the Court finds Nationstar has established the MMPA against it should be dismissed, HSBC has not met its burden. Nationstar cites the precise statutory basis for its exemption argument and attached proof of its registration with the Missouri division of finance. HSBC, on the other hand, merely asserts it is a "financial institution" but fails to offer any similar evidence to show it is in fact subject to the authority of the division of finance. Consequently, the Court denies HSBC's motion to dismiss with regard to the MMPA claim against it without prejudice.

## II. TILA claims

The TILA provides, in relevant part:

> not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, *the creditor that is the new owner or assignee of the debt* shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1) (emphasis added). Count III of the First Amended Complaint alleges Nationstar failed to provide such written notice within thirty days after the Note was assigned to it.

Nationstar argues Plaintiff's claim under the TILA should be dismissed because that statute does not establish an obligation for a *servicer* to provide the requisite notice. Nationstar cites to other districts within this circuit that have dismissed TILA claims brought against loan

servicers. *See, e.g., Renner v. Chase Bank USA N.A*, No. 3:14-CV-39, 2014 WL 12605489, at *3 (D.N.D. Dec. 10, 2014) ("[The plaintiff] alleges [in the complaint] that JPMorgan is the 'servicing agent' for Fannie Mae. A loan servicer is not a 'creditor' under the TILA. [The plaintiff] has failed to state a claim under the TILA upon which relief may be granted."); *Krieger v. Summit Mortg. Corp.*, No. CIV. 12-2522 SRN/JJG, 2013 WL 1149536, at *6 (D. Minn. Mar. 1, 2013), *report and recommendation adopted*, No. CIV. 12-2522 SRN/JJG, 2013 WL 1149777 (D. Minn. Mar. 19, 2013) ("Dismissal is warranted because TILA does not establish an obligation on any Defendant[, none of whom were the new creditor of the subject loan,] to provide the allegedly deficient notice."); *Kebasso v. BAC Home Loans Servicing, LP*, 813 F. Supp. 2d 1104, 1107 n.7 (D. Minn. 2011) ("Section 1641(g) . . . imposes obligations on 'the creditor that is the new owner or assignee of the debt,' not on the mortgagees or loan servicer.").

Plaintiff argues the relevant notice requirements under the TILA nevertheless apply to Nationstar because it is the assignee of the loan. (First Am. Compl. ¶ 10, ECF No. 43) This argument, however, fails to take into account other provisions of the TILA. "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section *unless the servicer is or was the owner of the obligation*." 15 U.S.C. § 1641(f)(1) (emphasis added). Further, "[a] servicer of a consumer obligation arising from a consumer credit transaction *shall not be treated as the owner of the obligation* for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer *solely for the administrative convenience of the servicer in servicing the obligation*." *Id.* § 1641(f)(2) (emphasis added).

The Court agrees with Nationstar that, as a loan servicer, the notice requirements in the TILA are inapplicable to it unless Plaintiff also alleges Nationstar owns the loan. The First

Amended Complaint does not so allege.[7] While the Court must liberally construe the complaint in the light most favorable to Plaintiff and accept the factual allegations as true, *see Schaaf*, 517 F.3d at 549, the Court cannot supply factual allegations Plaintiff has failed to include. Accordingly, the Court dismisses Plaintiff's TILA claim against Nationstar.

### III. Claim for breach of contract as a third-party beneficiary under HAMP

Nationstar and HSBC[8] argue Count IV against them, alleging Plaintiff is entitled to damages as a third-party beneficiary of the Servicer Participation Agreement between Nationstar and the government, should be dismissed because HAMP does not provide for a private right of action. "The vast majority of courts to examine this issue have held that a homeowner is not an intended third-party beneficiary of the [HAMP] servicer participation agreement between his or her servicer and the government and does not have the right to enforce the agreement against the servicer." *Victorian v. Wells Fargo Home Mortg.*, No. 4:15-CV-00667-AGF, 2015 WL 8663993, at *4 (E.D. Mo. Dec. 14, 2015) (quoting *In re Newell*, No. 11-33861-EPK, 2012 WL 909200, at *2 (Bankr. S.D. Fla. Mar. 15, 2012) (collecting cases)); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012) (finding that district courts around the country have "correctly . . . foreclose[d] claims by homeowners seeking HAMP modifications as third-party beneficiaries of SPAs"). Likewise, "Eighth Circuit courts have . . . declined to recognize a private right of action based on a borrower's status as a third-party beneficiary of HAMP." *Guthrie v. Bank of Am., Nat. Ass'n*, No. CIV. 12-2472 ADM/LIB, 2012 WL 6552763, at *4 (D. Minn. Dec. 14, 2012) (collecting cases).

---

[7] Rather, Nationstar contends that Plaintiff's First Amended Complaint indicates Fannie Mae is the actual owner of the loan while Nationstar is merely the servicer to whom the mortgage was assigned for administrative convenience.

[8] As indicated above, HSBC's Motion to Dismiss Count I and to Join in Co-Defendant's Motion to Dismiss Counts II-IV and accompanying memorandum (ECF Nos. 56 & 60) offer substantive analysis directed only at Count I. It joins in Nationstar's arguments regarding the other counts.

Plaintiff notes there is no binding authority in this circuit but cites to several cases that have found third-party beneficiary claims to be meritorious. *See, e.g., Sampson v. Wells Fargo Home Mortg., Inc.*, No. CV 10-08836 DDP (SSX, 2010 WL 5397236, at *3 (C.D. Cal. Nov. 19, 2010); *Voss v. Bank of Am., N.A.*, No. 515CV0232LEKTWD, 2015 WL 9581832, at *9 (N.D.N.Y. Dec. 30, 2015), *on reconsideration in part*, No. 515CV0232LEKTWD, 2016 WL 3746575 (N.D.N.Y. July 8, 2016). Nevertheless, Plaintiff concedes those cases represent "a minority position." (ECF No. 47, at 5)

The Court is persuaded by the majority position and finds Plaintiff cannot bring a third-party beneficiary claim under HAMP. Consequently, Count IV and the request for declaratory relief to HAMP in Count V related are dismissed.

### IV. Claim for declaratory judgment

Count V, while not directed at any specific defendant, asks the Court to declare the following:

> that [Plaintiff] is entitled to a loan modification, that the Court compel Nationstar to provide loan modification terms consistent with HAMP guidelines in place when [Plaintiff] first applied for a loan modification, that the Court compel Nationstar to refrain from making any derogatory credit report until the loan modification is agreed to, and that the Court compel Nationstar to reimburse [Plaintiff] for his attorneys' fees, costs, and expenses.

(First Am. Compl. ¶ 45, ECF No. 43)

Plaintiff's first two requested forms of declaratory relief concern his claims pursuant to HAMP. As previously discussed, Plaintiff cannot bring a third-party beneficiary claim under HAMP. Therefore, his requests for declaratory relief that he is entitled to a loan modification and compelling Nationstar to provide such a modification and refrain from making "any derogatory credit report until the loan modification is agreed to" are denied as moot. Likewise,

the Court agrees with Nationstar that Plaintiff has failed to state any claim against it and denies Plaintiff's request for attorneys' fees, costs, and expenses.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Nationstar Mortgage, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 44) is **GRANTED** Plaintiff Therrie Harris's claims against Nationstar are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. are **DISMISSED** from this action **with prejudice**.

A separate Order of Partial Dismiss accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant HSBC's Motion to Dismiss Count I and to Join in Co-Defendants' Motion to Dismiss Counts II-IV (ECF No. 59) is **GRANTED, in part,** as to its motion to join Nationstar's motion regarding Counts II-IV, **and DENIED, in part,** as to its motion to dismiss Count I **without prejudice**. Consequently, Count I against HSBC is the only remaining claim.

HSBC is reminded of its obligation to answer or otherwise respond to the First Amended Compliant within the time set by the rules.

Dated this 13th day of September, 2019.

                                                                        **RONNIE L. WHITE**
                                                                        **UNITED STATES DISTRICT JUDGE**